UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HECTOR PEREZ, JR.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No. 2:23-cv-01245-DC-SCR (SS)

ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING THE MATTER PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

(Doc. Nos. 11, 16, 22)

Plaintiff Hector Perez, Jr. seeks judicial review of the administrative decision to deny his application for disability benefits under Titles XVI and XVII of the Social Security Act. (Doc. No. 1.) On January 3, 2024, Plaintiff filed a motion for summary judgment seeking to have the administrative decision reversed and remanded to the Commissioner for a *de novo* hearing and a new decision. (Doc. No. 11.) On March 5, 2024, the Commissioner filed a cross-motion for summary judgment seeking to have the court affirm the administrative decision. (Doc. No. 16.) On March 18, 2024, Plaintiff filed a reply thereto. (Doc. No. 17.)

This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302. On April 17, 2025, the assigned magistrate issued findings and recommendations addressing the parties' motions. (Doc. No. 22.) The findings and recommendations were served on the parties and contained notice that any objections thereto

were to be filed within fourteen (14) days after service. (*Id*. at 14–15.) On April 29, 2025, Plaintiff filed objections to the findings and recommendations. (Doc. No. 23.) On May 13, 2025, the Commissioner filed an opposition to Plaintiff's objections. (Doc. No. 24.)

A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations . . ." 28 U.S.C. § 636(b)(1). If a party files objections, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. A *de novo* review requires the court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

Having considered the parties' briefing on the pending motions and for the reasons set forth below, the court will decline to adopt the findings and recommendations and will grant Plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

**BACKGROUND**

In her decision denying Plaintiff's application for disability benefits, the Administrative Law Judge ("ALJ") found that Plaintiff, who had worked in construction and as a water meter installer prior to his alleged disability, had the following residual functional capacity[1] ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations: the claimant can lift and carry 25 pounds occasionally and frequently. He can sit, stand or walk for 6 hours in an 8-hour workday. He can occasionally climb ladders, ropes or scaffolds. He can frequently climb ramps and stairs. He can frequently balance, stoop, kneel, crouch and crawl. He must avoid concentrated exposure to extreme cold, vibration and work hazards. He is unable to reach overhead with the dominant right upper extremity.

(Doc. No. 8-2 at 25–26.)

In making this finding, the ALJ considered the opinions of Plaintiff's workers' compensation physicians and their recommendations as to various limitations on Plaintiff's

[1] A claimant's residual functional capacity is "the most [a claimant] can still do despite [their] limitations." 20 C.F.R. § 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs").

physical activities, but the ALJ found their "opinions regarding limitations were temporary, pertained only to workers' compensation injuries and changed throughout the period at issue." (*Id*. at 28–29.) Further, the ALJ found Plaintiff's workers' compensation physicians' "[o]pinions were inconsistent with updated records and medical opinions" and "were not supported by ample evidence of record." (*Id*. at 29.) The ALJ concluded Plaintiff's workers' compensation physicians' opinions were not persuasive. (*Id*.)

In his motion for summary judgment, Plaintiff asserts the ALJ erred by failing to properly evaluate his workers' compensation physicians' opinions because the ALJ "provide[d] no more than boilerplate statements that the opinions were inconsistent and unsupported by the record as a whole without providing any articulation."[2] (Doc. No. 11 at 5, 14–15.) In particular, Plaintiff takes issue that the ALJ did not explain how his workers' compensation physicians' opinions were inconsistent with MRIs that showed degenerative joint and disc disease, and treatment notes, cosigned by Dr. Dennis Michael Hembd, that showed Plaintiff had limitation in his ability to flex as well as extend his lower back. (*Id*. at 14.)

## DISCUSSION

### A. Evaluation of Medical Opinions

Because Plaintiff applied for benefits after March 27, 2017, his claim is governed by the Social Security Administration's newest regulations applicable to an ALJ's evaluation of medical opinions. 20 C.F.R. § 416.920c. Those regulations direct an ALJ to determine how persuasive a medical opinion is according to the following factors: supportability, consistency, relationship with the claimant, specialization, and other factors showing the medical source's "familiarity with . . . other evidence in the claim or an understanding of [the] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5), §§ 416.920c(c)(1)–(5). "The most important factors that the agency considers when evaluating the persuasiveness of medical

[2] Plaintiff also argues the ALJ erred by rejecting his subjective complaints because she improperly characterized his treatment as conservative. (Doc. No. 11 at 5, 20–22.) Because the court finds remand is appropriate on the ground that the ALJ erred by failing to properly evaluate Plaintiff's workers' compensation physicians' opinions, the court need not address Plaintiff's remaining argument.

opinions are supportability and consistency." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(a)); *see* 20 C.F.R. § 404.1520c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision. We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section . . .").

The supportability factor requires an ALJ to assess "the extent to which a medical source supports the medical opinion by explaining the relevant . . . objective medical evidence." *Woods*, 32 F.4th at 791–92 (internal quotation marks omitted). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1).

In contrast, consistency compares an opinion with other evidence in the record to determine its persuasiveness. *Woods*, 32 F.4th at 792. "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2).

An ALJ must explain how both the supportability and consistency factors were considered, and "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

**B. Findings and Recommendations**

In the pending findings and recommendations, the magistrate judge found that the ALJ properly evaluated Plaintiff's workers' compensation physicians and found them not to be persuasive. (Doc. No. 22 at 9–10.) Specifically, the magistrate judge recognized that "[a]n ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and through summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" (*Id.*) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (citation

omitted)). The magistrate judge found that the ALJ's decision "concerning the workers' compensation physicians includes a detailed discussion of their evaluations." (*Id.*) The magistrate judge acknowledged that the ALJ did not address Dr. Hembd's flexion/extension limitations when discussing Plaintiff's workers' compensation physicians' opinions. (*Id*. at 10.) However, the magistrate judge observed Plaintiff did "not explain how those precise conditions undermine the portions of the medical opinions that the ALJ did credit" nor how those conditions would change Plaintiff's RFC. (*Id*.) Instead, the magistrate judge found the ALJ was not required to "discuss every piece of evidence" when making her findings. (*Id*. at 10) (quoting *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003)). The magistrate judge concluded that the ALJ's assessment of Plaintiff's workers' compensation physicians' opinions was supported by substantial evidence. (Doc. No. 22 at 11.)

In his objections to the findings and recommendations, Plaintiff argues the ALJ failed to properly consider Plaintiff's workers' compensation physicians "without articulating how they are inconsistent nor supported by the record." (Doc. No. 23 at 2.) With regard to supportability, the undersigned finds Plaintiff's objection to be unfounded. The ALJ explicitly identified Plaintiff's workers' compensation physicians' treatment records and recommendations. (Doc. No. 8-2 at 28.) As noted above, the ALJ highlighted that their recommendations for Plaintiff "regarding limitations were temporary, pertained only to workers' compensation injuries and changed throughout the period at issue." (*Id*. at 28–29.) Thus, the ALJ appropriately addressed the supportability factor.

However, as to consistency, the court finds Plaintiff's objection compelling. The ALJ does not clearly address the consistency factor, which requires the ALJ to explain the extent to which the limitations identified by Plaintiff's workers' compensation physicians are inconsistent with other evidence in the record. As noted above, the ALJ concluded Plaintiff's workers' compensation physicians' "[o]pinions were inconsistent with updated records and medical opinions" and "were not supported by ample evidence of record." (*Id*. at 29.) The ALJ does not specifically identify nor cite these records, opinions, and/or evidence in her conclusion. This broad reference is insufficient for the court to find the analysis by the ALJ sufficiently addresses

the consistency factor. *See e.g. Schmitzer v. O'Malley*, No. 22-cv-01038-JLT-BAM, 2024 WL 4345772, at *7 (E.D. Cal. Sep. 30, 2024) (finding the ALJ's decision to reject a limitation identified by the plaintiff's treating physician was not supported by substantial evidence because, among other reasons, it was unclear what evidence in the record the ALJ believed was inconsistent with plaintiff's treating physician's proposed limitation). Consequently, on this record, the court finds the ALJ did not properly discuss the consistency factor in her decision.

**C. Remand for further proceedings**

The decision whether to remand a matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). As addressed above, Plaintiff requests the matter be remanded for further proceedings. (Doc. No. 11 at 22.) Given the ALJ's error, the court concludes further administrative proceedings are appropriate in this matter. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103–04 (9th Cir. 2014) (a remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose).

**CONCLUSION**

For the reasons explained above:

1. The court DECLINES to adopt the findings and recommendations issued on April 17, 2025 (Doc. No. 22);
2. Plaintiff's motion for summary judgment (Doc. No. 11) is GRANTED;
3. The Commissioner's cross-motion for summary judgment (Doc. No. 16) is DENIED;
4. This action is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order; and

/////

/////

5. The Clerk of the Court is directed to enter judgment in favor of Plaintiff and close this case.

IT IS SO ORDERED.

Dated: **August 5, 2026**

Dena Coggins
United States District Judge